Seward, J.
(orally).
Tbe ease of Mrs. John Schlagel v. The State of O'hi-o is a petition in error from- the docket of the mayor of this city. The action is prosecuted to reverse the judgment o-f the mayor. The errors complained of are ten in number, as follows:
1st. Said mayor -erred in overruling the motion of the plaintiff in error for a trial by jury.
2d. Said mayor erred in -overruling the motion of the plaintiff in error to quash the affidavit and dismiss the proceedings. 3d. Said mayor erreid in overruling the motion of the plaint *430 iff in error to require the state to elect upon which of the several charges and offenses contained in said affidavit it would proceed to try the plaintiff in error.
4th. The mayor erred in overruling the demurrer of the plaintiff in error to' the affidavit filed against her.
5th. The mayor erred in admitting improper testimony on the part of the state, objected to by the plaintiff in error.
6th. The mayor erred in excluding competent testimony offered by the plaintiff in error, which was excepted to.
7th. The mayor erred in refusing to set .aside the sentence of the defendant upon her motion made therefor.
8th. There was no- legal arraignment in said case.
9th. The judgment and sentence of said mayor was contrary to law, >and invalid.
10th. The mayor erred in overruling the motion of the plaintiff in error for a new trial, which was excepted to.
The plaintiff in error (defendant below) was arrested under the provisions of Section 4364-20, which provides against the sale of intoxicating liquors on Sunday, or allows any place where intoxicating liquors are on other days sold to be open or remain open on that day, and provides that any person who violates that provision of the statutes shall be fined in any sum not exceeding one hundred dollars and not less than twenty-five dollars for the first offense.
The provisions in that statute are found in 95 O. L., page 87:
‘ ‘ That the sale of intoxicating liquors, whether distilled, malt or vinous, on the first day of the week, commonly called Sunday, except by a regular druggist ou a written prescription of a regular practicing physician for medical purposes only, is hereby declared to be unlawful, and all places where such in-1 toxicating liquors are ou other days sold or exposed for sale, except regular drug stores, shall on that day be closed, and whoever makes any such sales, or allows .any such place to be open or remain open on that day shall be fined in any sum not exceeding one hundred dollars and not less than twenty-five dollars for the first offense, and for each subsequent offense shall be fined not more than, one hundred dollars or be imprisoned in the county jail or city prison not less than ten days and not exceeding thirty days, or both.”
*431 It will be observed that the -only penalty inflicted by this section of -the statute for the first offense is a fine.
Mrs. Sehalgel was- tried and convicted by the mayor without the intervention of a jury, although she demanded that a jury be impanneled, -.and that the issues involved be submitted to a jury. This demand on her part for a trial by jury was evidently made under Sections 5 and 10 of Article I of the Constitution of Ohio.
Section 5 of Article I provides that the right of trial by jury shall be inviolate.
Section 10 of the same article provides that except in cases' of impeachment and cases arising in the army and navy or in the militia when in actual service in time of war or public danger, and in eases of petit larceny and other inferior offenses no person shall be held to answer for a capital or otherwise infamous crime, unless upon presentment or indictment of a grand jury.
In any trial, in .any court, the party accused shall be allowed to appear .and defend in person and with counsel; to demand the nature and cause of the accusation -against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in. his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. Nor shall any person be compelled in any criminal ease to be a witness against himself, or be twice put in jeopardy for the same offense.
This is Article X .of Section 1.
Now, taking up- the errors as they are numbered: The first assignment of -error is -as to the refusal to grant the defendant a jury trial. If she was entitled, under the Constitution and the law to a jury trial, then there was error committed in refusing it. If she was not entitled to a jury trial, then- there was no error committed, in refusing it.
It has been well settled in Ohi-o- that where imprisonment is not a part of the penalty, the -accused is not entitled to a trial by jury, although the imprisonment may be ordered as a *432 means of enforcing the penalty (42 O. S., 186). I wish to refer to that decision because it strikes this question pretty squarely:
“A statute which) authorizes -a penalty by fine only, upon a summary conviction under -a police regulation or of an immoral practice prohibited by law, although imprisonment, as a means of ¡enforcing the payment of the fine is authorized, is not in conflict with either Section 5 or 10 of Article I of the Constitution, on the ground that no¡ provision is made for a trial by jury in such cases. ’ ’
This, ¡as I recollect it, w¡as¡ a case -where the defendant was arrested uplon ¡a charge of keeping a gambling ho-use. After disposing of Section 5 of Article I, Mcllv-ai-ne, J., says:
“A more difficult question- arises ¡on Section 10 above referred to. This section reads: ‘Except in oases of impeachment, and cases arising in the. -army ¡and navy, or in the militia when in -actual service in- time of war or ¡public danger, and in eases o-f petit larceny and other inferior offenses, no person shall be held to -answer a capital or other infamous crime, unless on presentment or indictment of a grand) jury. In any trial, in any court, the party accused shall be allowed- to appear and defend in person and with counsel; to demand ¡the nature and cause of the -accusation against him, and to have a copy thereof; to meet the witness face to face and to have compulsory process to procure the attendance of witnesses in his behalf; and to have a speedy public trial by an impartial jury of the county or district in which the ¡offense is alleged- to have been committed.’
.“The question is: Was the phrase ‘in any trial, in any court’ intended to apply to cases like the present, where the penalty is by fine merely, inflicted on the violator of a mere police regulation, only quasi criminal ? A class ¡of cases for the punishment of immoral -and pernicious practices by pecuniary penalties, but in which, by the common law, as above shown, the accused was never -entitled' to demand a trial by jury. The -provision o-f the Constitution is, that the person -accused shall have a speedy public -trial by an impartial jury of the county or ¡district in which the offense is ¡alleged- to have been committed—-accused of -an- ¡offense, t-o-wit, such an offense as would, before the adoption of the Constitution, have entitled the -accused to a jury trial. This provision, in our opinion, was not intended to extend! the right of jury- trial, but was- intended to define the ¡characteristics -of the jury.
*433 . “In Thomas v. Ashland, 12 Ohio St., 124, it was held that an ordinance of a village which imposed imprisonment as a penalty for .an offense, where no provision was made for a trial by jury, was in conflict with Section 10 of the 1st article of the Constitntion -above quoted; but the court was. careful to exclude from the operation of the rule there laid down eases where the punishment was by fine (only, although imprisonment w.as authorized as a means of enforcing the payment of the fine. We think the discrimination between imprisonment as part of the penalty, and as a means of enf orcing the penalty, is well made. Hence, we find no constitutional objection to the statute under which Inwood was arrested.” /
The judge says on page 188:
“It is true for offenses strictly criminal or infamous, punishment can only be inflicted through the medium of an- indictment or presentment of the grand jury. There are; however, many offenses made so by statutes which are but quasi criminal, and in which -the Legislature may direct the mode of redress untrammeled by tbe. Constitution; such as Sabbath breaking, selling spirituous liquors on Sunday and the disturbance of 'religious meetings.”
So, the court clearly hold there that, in a case of this kind, the party is not entitled to a trial by jury. Now, I might shy that the imprisonment inflicted in 'this case was until the fine and costs were paid. But, that is not a part of the penalty. The penalty 'authorized by this statute for the first offense does not include imprisonment, and imprisonment was imposed by the court only * a means of enforcing the penalty.
The second error complained of is the overruling of the mo-, tion to quash the affidavit, because the affidavit is insufficient in law to authorize the mayor to take and exercise final jnrisdicJ tion without the intervention of a jury; that it is insufficient in law to warrant the mayor in trying the defendant and imposing any punishment.
This motion attacks the jurisdiction of ¡the mayor from all quarters. It follows from what I have said that if he had jurisdiction at all, he haid the power to try the case without a jury. Did he 'have jurisdiction at all ? This must be determined '-by .the statutes, for, being -a" court of limited jurisdiction, he cairn *434 only have such jurisdiction as the statutes have conferred upon him.
Section 1817 of -the Revised Statutes provides that the mayor shall have final jurisdiction to hear and determine any prosecution for a. misdemeanor, unless the accused is by the Constitution entitled to a trial by jury, and his jurisdiction in such cases shall be co-extensive with the county.
Having found that the accused is not entitled to a tidal by jury, the statute gives the mayor final jurisdiction in this kind of a ease. We have seen that the accused was mot entitled to a trial by jury under the Constitution, and it necessarily follows that under this section the mayor had the- right to try the case, and, -as a necessary consequence, that he had ample authority to impose the penalty by fine and enforce its payment by imprisonment.
I refer to Section 7249 as to- a motion to quash; to Section 7250 as to- a plea in abatement; as to when they may be made; as to when they are proper to be made;- to Section 7253, as to when waived. The court will not refer to them further, as the time is short. .
The third assignment of error is that the mayor refused to require the state to- elect upon which charge it would proceed.
The first count in the affidavit charges the defendant with allowing her saloon to remain open on Sunday, the fourth day of January, 1903. The second count charges the defendant, on the same day, with selling intoxicating liquors.
Both of the charges against the defendant are brought under the same section of the law, presumably growing out of the same transaction. If this motion were well taken—and the court does not think it is—there could be no error, because she was only convicted on the first charge.
The fourth assignment of error is predicated upon the overruling of the demurrer to the affidavit, and this raises the question as to whether the facts stated in the affidavit are sufficient in law to constitute an offense even if true.
Counsel’s argument, in the main, was directed at the grammatical construction of the sentence containing the words ‘the *435 same being a place where .intoxicating liquors are on other days of the week exposed for sale and sold,’ etc. It is claimed that the verb “¡are” denotes present time, and can have no reference to a past event. But this clause of the affidavit follows the act of the Legislature defining the offense, and quotes the language used by the Legislature in the act. The framers of the Constitution provided that the accused shall be furnished with the nature and cause of the accusation against him. Does this affidavit furnish the defendant with the nature and cause of the accusation against her ? She is charged with allowing her saloon to remain open on Sunday, the 4th day of January, 1903. This branch of the affidavit clearly informs her of the nature of the charge against her. It is not a necessary ingredient that sales of intoxicants, be made on that day, but it is necessary that it be a place where intoxicating liquors are—it may be subsequently-sold or exposed for sale on other .days.
I refer to 35 Ohio State, 268, where the court holds that it is not good practice to use other than the language contained in the section of the statute in an indictment. I read from page 269:
“In charging .an offense in an indictment, it is not good practice to ¡omit the words of. the statute which define the crime. The safer course is to employ them,; an;d, while this is not always indispensable to the validity of the indictment, it is clear that if they are omitted the defect will be fatal, unless the words used are the precise equivalent of the words of the act, or, at least, .plainly and necessarily include them.”
There is sbmethin|g said about the negative contained in this section of the statute. The 58 Ohio State .disposes of the question, that it is not necessary to plead the negative part of the statute. The negative in this, kind of a case must be established by the defendant. I cite a case found on page 676, and I read' from the 4th syllabus (58 Ohio ¡State) :
“Where an exception or proviso in a .criminal statute is a part of .the description of the ¡offense, it must be negatived by averment in the indictment in order to fully state the offense; but when its effect is merely to except specified acts or persons *436 from the operation of the general prohibitory words of the statute, the negative averment is unnecessary.”
There is an apparent defect in the record, as will appear from an examination of the copy of the -affidavit—this was not called to the attention of the court, but the court calls the attention of counsel to it—wherein it does not appear that any proper venue is laid in the first charge, a pen having been run through the words ‘ ‘ at the county -and state aforesaid, ’ ’ so that there would be no offense charged, if the original affidavit were mot attached to and made a part of the record. The original affidavit properly lays the venue, and I take it that the pen was inadvertently run through that part of the copy. So that the court did not err in overruling the demurrer.
The fifth ground of error is the receiving of improper evidence.
The court does not find that any improper evidence was received. Neither does it find that proper evidence was excluded. . •
It is contended that there was no legal arraignment. The record shows affirmatively that the defendant was arraigned (see transcript of docket entry, pages 1 and 6). I can not see how that gentleman can-claim that there was- no arraignment here, especially when- the record appears as it does.
“Mr. Fitzgibbon: It is on the transcript.
“The Court (continuing) : Counsel for the defendant waived the reading of the affidavit, and plead not guilty.”
Now, I suppose counsel intended to claim to the court that they have no right to do this.
But tihe statute gives counsel a right -to- do it. It was said by counsel in the argument, that the defendant -ought to- be present. “The defendant mot being present at the trial, her attorneys ■then demanded a jury.” It is not disclosed whether she was present when the plea of not guilty was made or mot; but it says in the record and in the bill of exceptions that a plea was entered of not guilty. Section 7257 provide®:
‘ ‘ The accused shall be arraigned by the clerk of the court or his deputy reading to him the indictment, unless the accused, *437 by himself or his attorney, waive the reading of the same, and he shall then -be asked by the court whether he is guilty or not guilty of the offense charged.”
So, there is no error in that.
It is claimed that the defendant was- not informed of the judgment of the court, and asked whether she had anything to say why the judgment of the court should not be pronounced against her. That is governed by Section 7318, Revised Statutes :
“Before sentence is pronounced, the defendant must be informed by the court of the verdict of the jury, and asked whether he has anything to say why judgment should not be pronounced against -him.”
That seems to be mandatory. But, the record does not show but what that 'was done. It does not show affirmatively that it was hot done; and it is held bh&t where it does not affirmatively appear -that it was not dome the court will presume that what is required by the statute to" be done was done ; that is, that it will not be presumed that the court did not do its duty under the statutes. The record does mot show affirmatively that it was mot done. It is presumed that the court did what was necessary under the circumstances. There are a number of decisions sustaining the court upon that proposition. Unless the record affirmatively show's that the defendant was mot asked why sentence should not be passed, ¡the law presumes that what the court ought to have done in that case, he did do. It would seem that this is a necessary prerequisite to the passing of sentence; but the record does not show that it was not done. I cite 23 Ohio State, 349; 28 O. S., 669; and 27 O. S., 572.
It is claimed that the judgment was against the law and the weight of the evidence. The court is not called upon to consider the weight of the evidence, as it is not pretended, so far as the bill of exceptions shows, that all o.f the evidence is set out. The certificate of the mayor does not show that all the evidence is set out in the bill of exceptions, and so the court does not consider that matter at all. The court cites on that *438 question 33 O. S., 77; 30 O. S., 104; 18 O. S., 477-480; 18 O. S., 418.
8. L. James and Smylhe & Smythe, for plaintiffs in error.
J. B. Fitzgibbon, for defendant in error.
So the court find that t'heye -are no errors in these two eases— the eases against Sehl-agel and Forsythe—and the judgment of the mayor will be affirmed, with exceptions.
Note.—The circuit court, in affirming the judgment in these eases, said: “All the questions in each of the eases were fairly and ably disposed of by the common pleas judge (Seward), and we agree with his conclusions in each case, and his reasons therefor. ’